N.V. PHILIPS
GLOEILAMPENFABRIEKEN

v.

The UNITED STATES.

No. 149–83C.

United States Claims Court.

March 21, 1983.

Stephen B. Clarkson, Washington, D.C., for plaintiff.

Robert G. Giertz, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; Durward E. Timmons and Samuel J. Roser, U.S. Dept. of Air Force, Washington, D.C., of counsel.

## ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

YOCK, Judge.

In this action Philips seeks a declaration that (a) certain Air Force actions in the conduct of the so-called jet nozzle procurement under Air Force Requests for Proposals F41608–82–R–7059 ("RFP 7059") and RFP F41608–83–R–7210 ("RFP 7210") have been illegal, (b) the Air Force cancellation of RFP 7059 should be set aside, (c) further Air Force actions under RFP 7210 should be enjoined, and (d) award of 7,223 units should be made to Philips under RFP 7059.

Plaintiff also filed an application for a temporary restraining order and/or preliminary injunction that would restrain or enjoin the defendant, its officers, agents, and employees from taking any further action, either direct or indirect, with respect to RFP F41608–83–R–7210, including the acceptance or opening of any offers or proposals thereunder, which were due to be received by the Air Force on March 18, 1983, by 4:45 p.m. (Central Time). The applications also wanted an injunction until such time as the GAO had ruled upon the same matter in a bid protest filed by plaintiff with the GAO on February 18, 1983. Since the Air Force refused voluntarily to delay the acceptance or opening of bids until the GAO had ruled in this matter, the applications for TRO and/or preliminary injunction were set for hearing at 10 a.m., March 18, 1983.

Based upon the parties' documentary evidence, the testimony elicited from three Air Force witnesses, and oral argu-

ments, the Court finds, as announced at the conclusion of the hearing, that the plaintiff has not met its heavy burden of demonstrating that the Air Force procurement determinations were irrational or unreasonable. Where injunctive relief is sought, which relief is deemed drastic in nature, the Court must exercise great caution and even then, the aggrieved bidder should be made to establish its right to such drastic relief by means of clear and convincing evidence. *Goldammer v. Fay*, 326 F.2d 268, 270 (10th Cir.1964).

■ The Court considered several factors in denying the applications (*see Washington Metropolitan Area Transit Comm. v. Holiday Tours, Inc.,* 559 F.2d 841, 842–43 (D.C. Cir.1977)):

(1) Likelihood of success on the merits. On the basis of the plaintiff's presentation, the Court is not convinced that it will prevail on the merits; however, the Court will retain jurisdiction over this case and reserve judgment until receipt of the advisory GAO opinion in this matter and further factual ventilation can be developed. The 7059 solicitation did appear to have an important ambiguity having to do with the initial order amounts, which would or may be a valid reason for cancelling the 7059 solicitation. *See* 32 C.F.R. § 2–404.1.

(2) Irreparable injury to the plaintiff if the injunction is not granted. Again the plaintiff has not convinced the Court of the irreparable damage to the plaintiff. The plaintiff retains his right to bid on the 7210 solicitation and have his bid fairly considered. In addition, since this Court is retaining jurisdiction over this case, it retains the authority to take further appropriate judicial action, up to and including cancelling any contract that may be awarded from the 7210 solicitation.

(3) Adequate remedy at law. From the above discussion in factor 2, it appears to the Court that the plaintiff would have an adequate remedy available at law.

(4) Wherein lies the public interest? The public interest in this case clearly is balanced in favor of the Air Force going for-

ward with its 7210 procurement. It appears to the Court that the national defense and security is involved and under such circumstances, this Court should be very careful and wary before upsetting these procurement decisions. *See* Federal Courts Improvement Act, Pub.L. 97–164, 96 Stat. 25 (1982); S.Rep. No. 275, 97th Cong. 1st Sess. 23 (1981), U.S.Code Cong. & Admin. News 1982, p. 11. Factually, the Air Force was able to demonstrate to this Court through the testimony of General Nutt and Mr. Richter, that the jet motor nozzles were needed in the interest of national defense and security. Because of the long lead time in producing the nozzles, the procurement (7210) should go forward with the receipt of the bids in order to allow enough time for evaluation, award, and receipt of the product. In short, time is of the essence to keep the Air Force planes flying.

Based on the above discussion and the prior Court proceedings, this Court hereby denies the plaintiff's application for a temporary restraining order and/or preliminary injunction.

IT IS SO ORDERED.