**MWK INTERNATIONAL, LTD., INC. and Six Construct International Ltd., Inc. and The Herman Bennett Company, Inc.**

v.

**The UNITED STATES.**

**Nos. 42–83C, 145–83C.**

United States Claims Court.

March 30, 1983.

[redacted] 

[redacted]

John W. Chierichella, Washington, D.C., for plaintiff, MWK International, Ltd., Inc., Eldon H. Crowell and Frederick W. Claybrook, Jr., of Crowell & Moring, Washington, D.C., of counsel.

Platt W. Davis, III, Washington, D.C., for plaintiffs, Six Construct Intern., Ltd., Inc. and The Herman Bennett Co., Inc.; Thomas S. Rees, of Vinson & Elkins, Washington, D.C., of counsel.

R. Anthony McCann, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; Sandra Spooner, Washington, D.C., of counsel.

## ORDER

SETO, Judge:

This case involves a protest by a bidder for a Government contract. Plaintiff, Six Construct International, Ltd., Inc. (hereinafter referred to as "Six Construct"), contests the defendant's determination that it is not a United States contractor and is thus ineligible to receive a Government contract to build port facilities in Berbera, Somalia.

Six Construct filed a motion for a preliminary injunction on March 16, 1983, to enjoin the defendant from awarding the Somalian construction contract pending the disposition of this case. On March 24, 1983, a preliminary injunction hearing was convened during which each party had the opportunity to present witnesses and proffer evidence. Having considered all of the arguments propounded by each of the parties during the hearing and in light of the evidence admitted, this court concludes that Six Construct failed to demonstrate a likelihood of success on the merits, and therefore, its motion for a preliminary injunction shall be DENIED.

## FACTS

The controversy at bar arose out of the defendant's Invitation for Bids, No. N62470–81–B–1279 (hereinafter referred to as "IFB"), which solicited bids relating to the construction of naval facilities in Berbera, Somalia, to support the United States Rapid Deployment Force effort. Only United States contractors were eligible to bid on the contract. The requirements for United States contractors are set forth in paragraph 2.7 of section 00101 of the IFB, which reads as follows:

> 2.7 Bidding Restrictions: Bidding on this contract is restricted to United States Contractors only. To qualify as a United States Contractor, the bidder must comply with the following:
>
> a. The principal place of business and corporate headquarters shall be in the United States.
>
> b. Corporate taxes shall have been paid in the United States for a minimum of one year.
>
> c. A majority of the Corporate officers shall be United States citizens.
>
> d. Key management and supervisory personnel shall be United States citizens.

Six Construct has run afoul of at least paragraph 2.7(b),[1] regarding the payment of corporate income taxes for one year.

Six Construct, in a joint venture with the Herman Bennett Company, was deemed the lowest bidder to the IFB. The second lowest bid was made by MWK International, Ltd., Inc. (hereinafter referred to as "MWK"), the second plaintiff in this case.[2] Once the Navy ascertained that Six Construct and Herman Bennett had submitted the lowest bid, the Navy requested that each prove that it complied with the requirements for a U.S. contractor as defined by paragraph 2.7. Following the submission of the requested proof by Six Construct, MWK filed a formal protest with the defendant alleging that Six Construct did not meet the requirements for a U.S. contractor. The General Accounting Office (hereinafter referred to as the "GAO") issued a determination on March 14, 1983, that Six Construct did not satisfy the requirements of paragraph 2.7(b), relating to the payment of corporate taxes for one year and was thus ineligible to bid on the IFB. Six Construct brought suit in this court on March 16, 1983, seeking a declaration that it was a qualified U.S. contractor and interim injunctive relief, namely a preliminary injunction and a temporary restraining order, enjoining the defendant from awarding the IFB to MWK or any other company, while this suit was pending. A 10-day temporary restraining order was granted on March 16, 1983. At the conclusion of the March 24 hearing, the restraining order was extended for 4 days, until March 30, so as to provide sufficient time for this court to carefully review the record and render a decision. *See* Appendix *infra*, at p. 210 (March 25, 1983) (SETO, J.).[3]

## DISCUSSION

Currently before this court is Six Construct's motion for a preliminary injunction

to enjoin the award of the Somalian construction contract pending the disposition of this suit. The policies that bear on the propriety of granting a preliminary injunction involve several factors, the most important of which are the following four:

(1) What is the likelihood that plaintiff will succeed on the merits?

(2) What, if any, irreparable injury is plaintiff likely to suffer if the injunction is not granted?

(3) Does plaintiff have an adequate remedy at law?

(4) Wherein does the public interest lie?

These four factors recently have been relied upon by the U.S. Claims Court in considering preliminary injunction motions. *Philips Gloeilampenfabrieken v. United States,* 1 Cl.Ct. 783 (1983) (YOCK, J.).

During the preliminary injunction hearing in this case, the primary topic of discussion was plaintiff's, Six Construct's, likelihood of success on the merits. Therefore, this court first considered Six Construct's prospects of prevailing on the merits.

A disappointed bidder for a Government contract undertakes a heavy burden in seeking judicial reconsideration of the decision of the procurement officials. The standard by which procurement officials are judged is whether their conduct was either arbitrary or capricious towards the bidder. *Keco Industries v. United States,* 203 Ct.Cl. 566, 492 F.2d 1200 (1974). More precisely, Six Construct must prove that the GAO's determination that "one year" equals 12 months (in interpreting paragraph 2.7(b)) is both arbitrary and capricious. For the reasons set forth below, Six Construct has failed to demonstrate that GAO's determination was arbitrary and capricious.

---

1. It also appears that Six Construct may not qualify under 2.7(c). At the preliminary hearing, counsel for Six Construct admitted that only half of its corporate officers (when counting its board of directors) are U.S. citizens.

2. MWK filed a complaint in this court on February 1, 1983, in conjunction with its protest to

the GAO over the status of Six Construct. Action in the suit was stayed pending the decision of the GAO. The MWK case and the Six Construct and Herman Bennett case filed on March 16, were consolidated on March 21, 1983.

3. Herein attached as "Appendix."

Six Construct asserts that both the criterion imposed in the IFB, that eligible U.S. contractors must have paid corporate taxes for one year, and the GAO's determination that one year equals 12 months, are arbitrary and capricious. Moreover, Six Construct contends that the requirement that U.S. contractors pay corporate taxes for one year (12 months) was unreasonable and thwarted Congress' intent in limiting such contracts to U.S. contractors.[4]

However, a requirement that United States corporate taxes be paid for 12 months, appears to be a reasonable means of distinguishing between a bona fide United States contractor and a foreign entity which recently has incorporated in the United States in order to qualify itself as a "United States Contractor." This court need not even reach the validity of Six Construct's argument, since Six Construct failed to seek resolution of its complaints regarding the interpretation of the IFB with the proper Government officials. As a direct result of its failure to take issue with the procurement officials over the reasonableness of the contract criterion for a U.S. contractor, Six Construct was unaware that the Government would interpret the requirement in the IFB that taxes be paid for *one* year, to mean for 12 months, rather than for a *taxable* year which, in certain cases, may be for less than 12 months. *See* 26 U.S.C. § 11.

The president of Six Construct, Mr. Charles S. MacMillan, testified during the preliminary injunction hearing that prior to submitting a bid in response to the IFB, a question arose within Six Construct as to the meaning of paragraph 2.7(b), "[C]orporate taxes shall have been paid in the United States for a minimum of *one year.*" (Emphasis supplied.) Rather than contacting the authorized Government agent for the correct interpretation, Six Construct inquired of an *outside* private accounting firm as to whether paragraph 2.7(b) should be interpreted as requiring taxes be paid for 12 months (one year), or as requiring taxes be paid during just a *taxable* year.[5] The accounting firm interpreted paragraph 2.7(b) as requiring that taxes be paid for a taxable year. Based upon that interpretation, Six Construct contends that since it had ended its first taxable year shortly before bidding on the IFB, it had paid the taxes owed for one year.[6] Six Construct's first taxable year was only for a period of 8 months.

Under the defendant's interpretation of paragraph 2.7(b), however, which requires that corporate taxes be paid for 12 months (one year), Six Construct is *not* a qualified U.S. contractor and thus is ineligible to bid on the IFB. Had Six Construct addressed its inquiry on the meaning of paragraph 2.7(b) to the authorized contracting officer, pursuant to paragraph 4 of section 00101 of the IFB, it would have been instructed by the defendant as to the proper interpretation of the provision.[7] Instead, Six Construct, in direct contravention of the IFB, sought to discern the meaning of paragraph 2.7(b) through the advice of a private accounting firm.

■ In one of this court's recent decisions, we held that a bidder having a ques-

---

4. Its argument asserted that Congress did not intend to preclude bona fide newly formed (less than 12 months old) U.S. corporations from qualifying as "U.S. Contractors" under paragraph 2.7.

5. In its argument, plaintiff pointed out that the Internal Revenue Code requires that a corporate taxpayer account for and pay taxes for each taxable year. *See* 26 U.S.C. § 11. One of the definitions of the term "taxable year" is "the period for which the return is made, if a return is made for a period of less than 12 months." 26 U.S.C. § 441(b)(3). Therefore, "taxable year" has a flexible meaning not tied to any particular chronological period. While a corporation's first *taxable* year may be less than 12 months, paragraph 2.7(b) does *not* speak of a *taxable* year, but uses the phrase, "*one* year."

6. However, it paid no taxes since it did not earn any money during its first taxable year.

7. It appears that plaintiff, Six Construct, may have deliberately avoided presenting the issue to the authorized contracting officer, fearing a negative response which would have precluded it from detrimentally relying upon the private interpretation of its own agent.

tion regarding a contract provision, must first submit its inquiry to the designated contracting officer. *Enrico Roman, Inc. v. United States,* 2 Cl.Ct. 104 (Cl.Ct.1983) (SETO, J.). If the bidder fails in its duty to inquire, it cannot later rely on its uninformed interpretation of the provision to circumvent the Government's interpretation. *Id., James A. Mann, Inc. v. United States,* 210 Ct.Cl. 104, 535 F.2d 51 (1976). Having failed in its duty to inquire, Six Construct is now barred from asserting that its interpretation of paragraph 2.7(b) warrants this court's consideration. Six Construct is bound by the interpretation of the defendant, that payment of corporate taxes for one year, denotes the payment of taxes for 12 months.

Consequently, since Six Construct has not paid corporate taxes for one year (12 months), there appears little likelihood that it will convince this court that it meets the requirements for a United States contractor, as defined in paragraph 2.7, section 00101 of the IFB, and succeed on the merits.

As already stated, one of the four primary factors considered before awarding a preliminary injunction is the likelihood that plaintiff will be successful on the merits. Six Construct's futile efforts to persuade this court that it will succeed on the merits served only to demonstrate the weakness of its case. Since there is little likelihood that Six Construct will prevail on the merits, a preliminary injunction is inappropriate. Therefore, it is not necessary to address the other three factors relating to the propriety of a preliminary injunction.

For the reasons stated hereinabove,

(1) The motion for a preliminary injunction filed March 16, 1983, by Six Construct, is DENIED.

(2) The Temporary Restraining Order, issued on March 16, 1983, and extended on March 25, for 4 days, until March 30, is VACATED.

(3) Plaintiff is hereby released of its duty to carry its $30,000 surety bond, which was earlier ordered and posted.

IT IS SO ORDERED.

## APPENDIX

### ORDER EXTENDING TEMPORARY RESTRAINING ORDER

Filed March 25, 1983

SETO, Judge:

On March 16, 1983, this court issued a Temporary Restraining Order[1] enjoining the defendant from considering any proposal or awarding a contract under the Invitation for Bids No. N62470–81–B–1279, to any entity and from awarding or permitting performance under the Invitation until this matter was brought for a preliminary injunction hearing, which was convened on March 24, 1983. The hearing on the preliminary injunction motion consumed an entire day and ended late Thursday afternoon.

This court, having heard the arguments of counsel and the witness' testimony, shall render a decision on the motion for a preliminary injunction shortly. Consideration of the motion, however, shall be unavoidably delayed until after the oral arguments presented by counsel and testimony proffered can be assimilated, since the undersigned judge will be presiding over a discovery conference on Friday, March 25. Moreover, the transcript of the hearing will not be received by this court until 5:00 p.m., Friday, March 25. After receiving the transcript, the undersigned judge shall consider the arguments made by each party in light of the evidence adduced.

In order that this court retain sufficient time within which to fully consider this important matter, the Temporary Restraining Order issued by this court on March 16, 1983, enjoining and restraining the defendant, its Department of Navy, and its officers, agents, and employees from considering any proposal or awarding a contract under the Invitation for Bids No. N62470–81–B–1279, to any entity and from award-

---

1. The March 16, 1983, Temporary Restraining Order is attached and labeled "Appendix."

ing or permitting performance under the Invitation is hereby EXTENDED FOUR DAYS TO MIDNIGHT ON MARCH 30, 1983.

IT IS SO ORDERED.

## APPENDIX

### TEMPORARY RESTRAINING ORDER

#### Filed March 16, 1983

Based on the oral argument and upon consideration of the plaintiff's motion for a temporary restraining order and defendant's and MWK International, Ltd.'s opposition thereto, this court finds, as announced at the conclusion of the hearing on even date, that:

1. The defendant, through its Department of the Navy, may have improperly rejected plaintiff's proposal and thus improperly refused to fully and fairly consider that proposal under Invitation for Bids No. N62470–81–B–1279.

2. Unless the defendant is restrained from awarding a contract under the aforesaid Invitation for Bids, plaintiff may suffer immediate and irreparable injury, loss and damage since such action could result in the award to another contractor.

3. The issuance of a temporary restraining order in this case will not harm the Government or third parties and it could avoid substantial damages to the plaintiff.

THEREFORE, it is this court's opinion that a temporary restraining order should be issued pending a hearing on plaintiff's motion for preliminary injunction. Accordingly, it is ORDERED that:

1. Defendant, its Department of the Navy, and its officers, agents and employees, are enjoined and restrained from considering any proposal or awarding a contract under the subject Invitation for Bids to *any entity.*

2. Defendant, its Department of the Navy, and its officers, agents and employees, are enjoined from awarding or permitting performance under this Invitation for Bids until this matter is brought for a preliminary injunction hearing.

3. Plaintiff's motion for preliminary injunction will be heard by this court at a date and time to be later set.

4. The temporary restraining order issued herein will expire at midnight on March 26, 1983, unless within such time the order is extended for cause shown or unless the defendant consents to the extension.

THIS ORDER IS CONDITIONED ON PLAINTIFF'S POSTING A BOND, NO LATER THAN 4:00 PM ON MARCH 17, 1983, IN THE AMOUNT OF $30,000, OR PROVIDING A SURETY WHO WILL FURNISH A BOND IN THE SAME AMOUNT, SUBJECT TO THE APPROVAL OF THE CLERK OF THIS COURT.

Joseph V. Colaianni
JOSEPH V. COLAIANNI, Judge