HERO, INC.

v.

The UNITED STATES.

No. 573–83C.

United States Claims Court.

Sept. 27, 1983.

---

Peter M. Kilcullen, Washington, D.C., for plaintiff.

Sharon Y. Eubanks, Washington, D.C., for defendant; Assistant Attorney General J. Paul McGrath, David M. Cohen, and Sandra P. Spooner, Washington, D.C., of counsel.

## OPINION

WHITE, Senior Judge.

In this unusual case, one who wishes to bid on a proposed government contract, but has not yet done so, seeks equitable relief under 28 U.S.C. § 1491(a)(3), as amended by section 133(a) of the Federal Courts Improvement Act of 1982 (Pub.L. 97–164, 97th Cong., 96 Stat. 25, 40).

In the complaint, which was filed on September 14, 1983, the plaintiff sought a temporary restraining order, a preliminary injunction, a declaratory judgment, and a permanent injunction prohibiting the Government (represented by the Washington Area Contract Center, Department of the Air Force) from opening bids, and from awarding any contract under, invitation for bids No. F49642–83–B1018 (the IFB).

The defendant filed a motion to dismiss the complaint or, in the alternative, for summary judgment.

After a hearing on the plaintiff's application for a temporary restraining order, which resulted in the denial of the application, the defendant's motion to dismiss the complaint or, in the alternative, for summary judgment was consolidated with the plaintiff's motion for a preliminary injunction and the plaintiff's complaint for a declaratory judgment and permanent injunction. A trial on all aspects of the case was held on September 19 and 20, 1983.

## Background Material

The IFB was issued on August 22, 1983. It sought bids on a proposed contract for the maintenance and repair of military family housing units at Andrews Air Force Base, located near Washington, D.C., for the period beginning November 1, 1983, and extending through September 30, 1984. The contract, if awarded, will grant the Department of the Air Force an option to extend the contract for 2 additional years.

The plaintiff spent several thousand dollars in attempting to prepare a prudent bid in response to the IFB, and concluded that defects in the IFB make the bidding procedure unfair.

The plaintiff's principal objections to the IFB are summarized as follows: (1) the contract specifications contained in the IFB are defective, in that they do not set out estimated quantities of the Government's needs, as required by Defense Acquisition Regulation (DAR) 3–409.2, and (2) the contract, if awarded under the IFB, will contain a Davis-Bacon Act wage determination in violation of DAR 12–106.2.

The plaintiff's contention that the contract specifications contained in the IFB improperly fail to state estimated quantities is based upon items 1 and 4.

Item 1 will require the contractor to furnish services and material, and to provide all labor, transportation, equipment, and supervision for the maintenance of 2,084 family housing units. All work is to be done on an "as required" or an "as needed" basis. The IFB requires that bidders quote a firm, fixed price for the performance of the work under item 1. The specifications set forth the nature of the repair and maintenance work to be accomplished under item 1, but they do not give any estimates as to the extent of the work that will probably be required. The plaintiff objects especially to the failure of the specifications to furnish an estimate concerning the amount of painting on windowsills and frames, an estimate as to the amount of painting on doors and door frames, an estimate of the extent of the damaged or deteriorated government-owned fencing that must be replaced, an estimate of the extent to which the contractor will be required to repair deteriorated shower and bathtub enclosure walls, including the replacement of ceramic tiles, and an estimate of the extent to which the contractor will be required to repair or replace oil storage tanks.

Bid item 4 requires a unit-price bid on floor finishing. Floor finishing will consist of refinishing wood floors, replacing resilient floors, and replacing linoleum. This item gives a total estimate of 110,000 square feet for all three kinds of floor work, but does not attempt to break this total figure down into the three different kinds of floors. Evidence in the record shows that work on wood floors is much more expensive than work on resilient floors or linoleum.

The plaintiff argues that "due to the lack of any estimated requirements for the various services required, bidders are reduced to guessing the anticipated requirements for maintenance and repair of major items involving major costs," and that "[t]he absence of such estimates precludes bidders from preparing reasonable, intelligent bids."

The plaintiff's other principal objection to the IFB is that the contract, if awarded, will contain two wage rate determinations, one under the Services Contract Act of 1965 and the other under the Davis-Bacon Act. They will apply to different items of work under the contract.

The plaintiff says that, because of the attachment of two wage determinations to the contract, the contractor will be obligated to pay a minimum wage of at least $9.66 per hour for carpenters and for painters performing work under item 1, whereas the minimum wage for painters working under item 3 will be only $6.74 per hour, and the minimum wage for carpenters working under item 4 will be only $6.32 per hour. The plaintiff argues "that the inclusion of these varying wage rates for the same class of employee working on the same project creates * * * confusion as to the price to be bid," and that "[i]t would be virtually impossible to hire an employee at two different wage rates depending on what the employee is doing at a particular time on a particular day."

*Discussion*

The jurisdiction of this court's predecessor, the United States Court of Claims, included "jurisdiction to render judgment upon any claim against the United States founded * * * upon any express or implied contract with the United States * * *." 28 U.S.C. § 1491 (1976). The Court of Claims held, in connection with the grant of jurisdiction to consider and render judgment on claims founded upon implied contracts, that it is an implied condition of each invitation for bids or request for proposals issued by the Government on a proposed contract that each bid or proposal will be fairly and honestly considered and the bid or proposal which, in the honest opinion of the contracting officer, is most advantageous to the Government will be accepted; that an implied contract guaranteeing fair consideration arises when a person submits a bid or proposal; and that if the Government breaches its obligation to consider bids or proposals on their merits, one who is a victim of the breach may maintain an action to recover funds needlessly expended in

preparing the bid or proposal. *Heyer v. United States,* 135 Ct.Cl. 63, 69–71, 140 F.Supp. 409, 412–14 (1956); *Keco v. United States,* 192 Ct.Cl. 773, 779–80, 428 F.2d 1233, 1237 (1970).

The Court of Claims did not have jurisdiction to consider suits by unsuccessful bidders for equitable relief under the grant of jurisdiction to adjudicate claims based on contracts implied in fact.

This court has the same jurisdiction under 28 U.S.C. § 1491(a), as amended, that the Court of Claims had "to render judgment upon any claim founded * * * upon any express or implied contract with the United States"; and, in addition, this court is vested with the following authority under the present version of 28 U.S.C. § 1491(a):

> (3) To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security.

It has been held by this court that, under the grant of jurisdiction just quoted, the court has jurisdiction over claims for equitable relief in situations similar to those in which the Court of Claims entertained claims for bid preparation costs (*Heli-Jet Corp. v. United States,* 2 Cl.Ct. 613, 619 (1983) (Yannello, Judge); *Indian Wells Valley Metal Trades Council v. United States,* 1 Cl.Ct. 43, 45, 553 F.Supp. 397 (1982) (Wiese, Judge)); and that it is a contract implied in fact, arising from the submission by a bidder of a responsive bid on a proposed government contract, thereby creating an implied contract that the Government will consider the bid fairly, and a subsequent breach of the implied contract by the Government, which forms the jurisdictional basis for this court's authority to grant equitable relief under 28 U.S.C. § 1491(a)(3) (*Ingersoll-Rand Co. v. United States,* 2 Cl.Ct. 373, 375–76 (1983) (Kozinski, Chief Judge)).

The views expressed by this court in such cases as those cited in the preceding paragraph have necessarily led the court to conclude that there is no jurisdiction over a suit for equitable relief under 28 U.S.C. § 1491(a)(3) by a non-bidder in connection with a proposed government procurement. *Indian Wells Valley Metal Trades Council v. United States, supra,* 1 Cl.Ct. at 45–46; *cf. Quality Furniture Rentals, Inc. v. United States,* 1 Cl.Ct. 136, 139 (1983) (Kozinski, Chief Judge); *Cecile Industries, Inc. v. United States,* 2 Cl.Ct. 690, 692 (Wiese, Judge). This conclusion is required by the statutory language in 28 U.S.C. § 1491(a)(3).

This court's authority to grant equitable relief under 28 U.S.C. § 1491(a)(3) extends to—and only to—"any *contract* claim" (emphasis supplied). Hence, a litigant seeking such relief must establish the existence of a contractual relationship with the Government; and a non-bidder on a proposed government contract, including a person who wishes to bid and has expended effort and money on the preparation of a bid, does not have any contractual relationship with the Government.

The Government's implied promise is to consider all responsive *bids* fairly and honestly; and it is only when a person submits a responsive bid to the Government that the Government's condition is fulfilled, thereby providing consideration for the Government's promise and creating a contract implied in fact between the bidder and the Government. The mere expenditure of effort and money in preparing a bid, without actually submitting it to the Government, is not sufficient to provide consideration for the Government's implied promise to treat all responsive bids with fairness and honesty. *Ingersoll-Rand Co. v. United States, supra,* 2 Cl.Ct. at 376.

In the present case, the plaintiff is not yet a bidder on the IFB. Accordingly, the plaintiff has not yet provided consideration for the Government's implied promise of fair and honest treatment for all responsive bids on the IFB. It necessarily follows that the plaintiff does not have an implied con-

tract with the Government and cannot obtain equitable relief in connection with the IFB.

It appears that, even if the plaintiff had submitted a bid in response to the IFB, the plaintiff would not be entitled to equitable relief. The plaintiff's complaint is that the IFB is defective, in that it does not comply with certain procurement regulations and related statutory requirements. It is well settled that a bidder does not have a *contractual* right to require that a procuring agency fashion an invitation for bids in accordance with all applicable regulations and statutory provisions. *See Heyer Products Co., Inc. v. United States, supra,* 135 Ct.Cl. at 68–69, 140 F.Supp. at 412); *Keco Industries, Inc. v. United States, supra,* 192 Ct.Cl. at 777–78, 428 F.2d at 1236; *Quality Furniture Rental, Inc. v. United States, supra,* 1 Cl.Ct. at 139, 141.

### CONCLUSION OF LAW

On the basis of the facts found by the court and stated in the opinion, the court concludes as a matter of law that the plaintiff is not entitled to the equitable relief sought in the complaint.

The complaint will therefore be dismissed.

The parties' various pending motions are denied as moot.

IT IS SO ORDERED.