**DREXEL HERITAGE FURNISHINGS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Ethan Allen, Inc., Intervenor.**

No. 661–83C.

United States Claims Court.

Nov. 10, 1983.

---

Richard C. Johnson, Washington, D.C., for plaintiff; Stuart B. Nibley, David B. Apatoff and Bennett D. Greenberg, Washington, D.C., of counsel.

Robert H. Koehler, Washington, D.C., for intervenor.

Eileen P. Fennessy, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## DENIAL OF TEMPORARY RESTRAINING ORDER

TIDWELL, Judge.

Very late in the day on November 2, 1983 plaintiff filed a complaint asking for declaratory and injunctive relief, a motion for a preliminary injunction, and a motion for a temporary restraining order to prevent defendant from making an award under General Services Administration (GSA) RFP No. FNPS–57–1491–N–5–4–83 pending the outcome of plaintiff's bid protest to the General Accounting Office (GAO) and that GAO be directed by the court to retain jurisdiction of plaintiff's previously filed protests and issue an expedited decision. The following day, November 3, 1983, the court placed a conference call with counsel for plaintiff and defendant to discuss the status of the contract award and to schedule a hearing. At that time, defendant, the United States, indicated that award had not yet been made and agreed not to award a contract under the referenced RFP until 11

days hence, November 14, 1983. A hearing was set for November 8, 1983 on plaintiff's motion for a temporary restraining order. An order was filed accordingly.

On November 7, 1983 plaintiff filed its First Amended Complaint. On November 8, 1983 defendant filed a Motion for Summary Judgment and Opposition to Plaintiff's Request for Injunctive Relief. Also, late in the morning of November 8, 1983 Ethan Allen, Inc. filed a motion to intervene, with a memorandum of points and authorities in support thereof.[1] A hearing was held on November 8, 1983 at 2:30 p.m. lasting approximately three hours.

Plaintiff's First Amended Complaint was substantially similar to its original Complaint except that it prayed for different relief than had been previously requested, to wit: "(t)hat the Court declare defendant's solicitation unlawful as a result of its unequal treatment of offerors and its ambiguous and late modification of the contract," and that the court enjoin defendant from awarding a contract under the referenced solicitation until defendant had resolved plaintiff's protest of a Walsh-Healy Act violation[2] filed recently by plaintiff against the intervenor.[3]

At the hearing counsel for defendant asked plaintiff to clarify the relief requested in the Amended Complaint since it appeared that plaintiff had abandoned its initial request for relief and was now asking only for a "cancellation of the solicitation and/or apparently a restraining order until the Walsh-Healy matter is resolved". Transcript at 6. Plaintiff assured the court that its intention was not to abandon its claim for relief under the original complaint but to add the additional claims set forth in the Amended Complaint. RUSCC 15(e)(1) requires a party amending a pleading to "include so much of the prior pleading as may be required to show clearly how the pleading is to stand amended". However, RUSCC 15(b) allows pleadings to be amended as justice requires to include issues otherwise raised by the parties which are not included in the pleadings. Therefore, even though plaintiff's Amended Complaint was unartfully drafted and did not specifically set out the way in which the original complaint was to be amended, in the interest of justice, this court will consider all claims raised in plaintiff's Complaint and Amended Complaint.

Since the jurisdiction of this court to grant injunctive and declaratory relief in pre-award bid protests is statutory and decisions from this court and the Court of Appeals for the Federal Circuit have construed it narrowly,[4] it is appropriate to examine whether the court has jurisdiction in the present case.[5]

This court's injunctive authority over pre-award contract cases derives from section 133(a) of the Federal Courts Improvement Act of 1982[6] codified at 28 U.S.C. § 1491(a)(3). *Ingersoll-Rand Company v. United States,* 2 Cl.Ct. 373, 375–76 (1983) (KOZINSKI, C.J.). Section 1491(a)(3) limits the court's injunctive authority to "contract claim[s] brought before the contract is awarded." Thus, the court's authority to grant equitable relief under 28 U.S.C. 1491(a)(3) is based on the existence of a "contract claim". *Hero, Inc. v. United States,* 3 Cl.Ct. 413 at 415–416 (1983) (WHITE, S.J.). Chief Judge Kozinski in *Ingersoll-Rand* read this short phrase as referring to two separate contracts;[7] the

1. The intervention was granted as a matter of right pursuant to RUSCC 24(a); however, at the hearing neither plaintiff nor defendant objected to the intervention.

2. 41 U.S.C. 35 (1965 and Supp.1981).

3. The First Amended Complaint did not identify the intervenor as the subject of the Walsh-Healy protest, however, this fact came to light at the hearing.

4. *E.g. United States v. John C. Grimberg Co.,* 702 F.2d 1362 (Fed.Cir.1983); *Ingersoll-Rand Co. v. United States,* 2 Cl.Ct. 373, 375 (1983).

5. See Pub.L. No. 97–164, 97th Cong., 96 Stat. 25, 40, amending 28 U.S.C. § 1491, effective October 1, 1982.

6. *Id.*

7. 2 Cl.Ct. 373 at 375.

second contract being the subject of the proposed award and the first contract being an implied-in-fact contract between the United States and bidders on the underlying contract.[8] He further stated that this "[implied-in-fact] contract arises from the bid solicitation process and guarantees that a bid submitted in conformity with the requirements of the invitation for bids will be fully and fairly considered." *See Keco Industries,* at footnote 8, 192 Ct.Cl. at 778; *Heyer Products,* at footnote 8, 140 F.Supp. at 412–413, 135 Ct.Cl. at 69–70. It is this implied contract which forms the jurisdictional basis for this court's authority to grant equitable relief under 28 U.S.C. 1491(a)(3). See *Hero, supra* at 416; *Ingersoll-Rand, supra* at 375–76.

■ Consistent therewith, it follows that the court has no jurisdiction over a suit for equitable relief under 28 U.S.C. 1491(a)(3) by a non-bidder in connection with a government contract. *Hero, supra* at 416.

■ However, in this case plaintiff is an "offeror" having submitted an initial offer in response to RFP No. FNPS–57–1491–N–5–N–83. In addition, no award has yet been made. Thus, plaintiff's motion is timely in that it was filed pre-contract award and plaintiff has standing to seek equitable relief pursuant to previous decisions of this court as set forth above.

■ In *Heli-Jet Corporation v. United States,* 2 Cl.Ct. 613 (1983) (YANNELLO, J.), the court stated that "[Equitable relief] should be granted only in infrequent and limited circumstances where such relief is clearly appropriate" and that plaintiff must sustain the burden of showing it is clearly entitled to such relief. Upon consideration of the parties' documentary evidence and oral argument, the court finds that the plaintiff has not met its heavy burden of demonstrating that the GSA's procurement actions were irrational or unreasonable. In *Baird Corp. v. United States,* 1 Cl.Ct. 662 (1983) (LYDON, J.), the court held that

"(j)udicial review of an agency's preaward procurement decision is, and should be, extremely limited in scope. The court should not substitute its judgment in such matters for that of the agency, but should intervene only when it is clearly determined that the agency's determinations were irrational or unreasonable (citations omitted)." Injunctive relief is drastic in nature, and where such relief is sought, the court must exercise great caution. Even then, the aggrieved bidder must establish its right to this drastic relief by clear and convincing evidence. *N.V. Philips Gloeilampenfabrieken v. United States,* 1 Cl.Ct. 783 (1983) (YOCK, J.).

■ The court considered several factors in denying the plaintiff's applications. These factors have been the subject of comprehensive and well-reasoned opinions by other judges of the court, with which this court agrees. *E.g., Heli-Jet Corporation v. United States,* 2 Cl.Ct. 613 (1983) (YANNELLO, J.) and *Harris Data Communications, Inc., v. United States,* 2 Cl.Ct. 229 (1983) (NETTESHEIM, J.). It is not necessary to restate here the detailed discussions of those opinions. Suffice it to say that the court must consider, in connection with the grant of injunctive relief, the following factors:

(1) the LIKELIHOOD OF plaintiff's SUCCESS on the merits;

(2) the PUBLIC INTEREST, including any overriding public interest which would warrant, in the exercise of sound judicial discretion, a refusal to grant injunctive relief, even if plaintiff were likely to prevail on the merits;

(3) the possibility of any IRREPARABLE INJURY to the plaintiff if the injunction is not granted, including, but not limited to, the ABSENCE OF ADEQUATE REMEDY at law, and the possibility of any INJURY TO OTHERS if the injunction is granted.

---

**8.** *Id. See Hero, Inc. v. United States,* 3 Cl.Ct. 413 at 415–416 (1983) (WHITE, S.J.); *Keco Industries, Inc. v. United States,* 192 Ct.Cl. 773, 778 (1970); *Heyer Products Co. v. United States,* 140 F.Supp. 409, 412–413, 135 Ct.Cl. 63, 69–70 (1956).

*See N.V. Philips Gloeilampenfabrieken v. United States,* 1 Cl.Ct. 783 (1983) (YOCK, J.); *Heli-Jet Corporation v. United States,* 2 Cl.Ct. 613 (1983) (YANNELLO, J.).

██ On the basis of plaintiff's pleadings and argument, it has failed to meet the first factor, *i.e.,* likelihood of success on the merits. The court is simply not convinced that plaintiff will ultimately prevail on the merits. The court will retain jurisdiction of this case pursuant to *F. Alderette General Contractors, Inc. v. United States,* 715 F.2d 1476 at 1479 (Fed.Cir.1983), and reserve judgment until receipt of the advisory GAO opinion addressing plaintiff's protests and pending a final decision on the merits.

Similarly, plaintiff has failed to sustain its burden of proof on the second factor; *i.e.,* that the relief requested would be in the public interest. The public interest is balanced in favor of GSA going forward with award of the contract. Plaintiff's extension on the current contract expires on December 31, 1983. A significant lead time is required from the award of the contract until commencement of performance to enable the contractor to prepare brochures, take orders and begin shipping. Defendant was able to demonstrate to the court through the pleadings and arguments that award of the contract must be made posthaste to avoid hardship to the government. While it is in the public interest to preserve the integrity of the procurement process, plaintiff has failed to show that it did not have an opportunity to compete on an equal basis with other offerors in spite of alleged irregularities in the procurement process.

Finally, plaintiff has failed to sustain its burden of proof on the third factor, *i.e.,* that it will be irreparably harmed if the relief is not granted. While plaintiff may not be awarded the contract, plaintiff is not without an adequate remedy. The court will retain jurisdiction over this case and thus it retains the authority to render further equitable relief, up to and including cancelling any contract awarded under the referenced RFP.

Based on the above discussion, the balance of equities weigh in favor of defendant and this court hereby denies the plaintiff's application for a temporary restraining order. The court will issue a call to GAO pursuant to RUSCC 34(d)(1)(A) directing it to continue its consideration of plaintiff's protest and render an advisory opinion for the benefit of this court on an expedited basis.

IT IS SO ORDERED.